UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-20483-FAM

JOAN SECURE,
individually and on behalf of all
others similarly situated,                           **CLASS ACTION**

     Plaintiff,                                        **JURY TRIAL DEMANDED**

v.

ULTIMATE FITNESS GROUP, LLC
d/b/a ORANGETHEORY FITNESS,
a Florida limited liability company,

     Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Joan Secure hereby responds to Defendant's Notice of Supplemental Authority, [ECF No. 30], and states as follows:

**I.**    ***Dominguez* is Inapplicable to the Facts of this Case.**

The equipment at issue in *Dominguez v. Yahoo, Inc.* was Yahoo's "Email SMS Service," which operates by dialing a single number and sending a single text message to a user of Yahoo's service every time the user receives an email. *See* No. 17-1243, 2018 U.S. App. LEXIS 17436, at *2 (3d Cir. June 26, 2018). Yahoo obtained Dominguez's telephone number from a prior user of Yahoo's service, who "***individually* and *manually*** inputted" the number into Yahoo's system and requested that Yahoo send him a text message every time he received an email on Yahoo's server. *See id.* at *9 (emphasis added).

Contrary to Defendant's contention, *Dominguez* is not applicable to this case. Unlike the equipment used by Defendant here, the dialing platform at issue in *Dominguez* did not automatically

dial telephone numbers from a list of numbers.  Thus, the Third Circuit limited its analysis to the statute's definition of an ATDS because the equipment at issue did not fall into any other categories of equipment that qualify as an ATDS (i.e. predictive dialers and systems that dial automatically from a list of numbers).  This is evident from the Third Circuit's silence with respect to the 2003 TCPA Order and case law holding that equipment that dials automatically from a list of numbers is an ATDS.  *See e.g. Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1223 (S.D. Fla. 2014) (equipment "qualifies as an ATDS under the statute because it automatically dials telephone numbers from a preprogrammed list.")

**II.     *Dominguez* Does not Hold that the Inquiry is Limited to the Statutory Definition.**

To the extent Defendant suggests that *Dominguez* stands for the rule that a court's analysis in determining whether equipment is an ATDS is limited to the statutory definition of an ATDS, Defendant is mistaken.

Dominguez's only argument at the lower level and on appeal was that Yahoo's platform was an ATDS under the statutory definition and the 2015 TCPA Order because it "ha[d] the potential capacity to place autodialed calls."  *Dominguez*, 2018 U.S. App. LEXIS 17436, at *3.  Thus, as discussed above, the Third Circuit limited its analysis to the statute's definition because that was the only issue before the court.  Further, the Third Circuit held that D.C. Circuit's invalidation of the 2015 TCPA Order simply impacted Dominguez's argument "that the Email SMS Service had the latent or potential capacity to function as autodialer."  *Id*. at *6.  The Third Circuit did not address the impact of *ACA* on the 2003 TCPA Order, or whether predictive dialers or equipment that dials automatically from list meet the statute's definition.  It simply held that the 2015 TCPA Order's future capacity ruling had been invalidated and the statute's definition now controls on that issue.  This holding is consistent with Judge Goodman's recent observation on the issue:

> when the D.C. Circuit said that the FCC had provided too expansive an interpretation of the TCPA, the D.C. Circuit was not referring to the prior or recent rulings equating predictive dialers to ATDSs. Rather, the D.C. Circuit was referring to the FCC's interpretation of the TCPA as encompassing devices that have both the present and *future* capacity to acts as ATDSs.

*Reyes v. BCA Fin. Servs.*, No. 16-24077-CIV, 2018 U.S. Dist. LEXIS 80690, at \*33 (S.D. Fla. May 14, 2018).

### III.    The Third Circuit Misinterpreted the Plain Language of the Statute.

In *Dominguez,* the Third Circuit held that Dominguez failed to establish that Yahoo's equipment was an ATDS because "Dominguez cannot point to any evidence that creates a genuine dispute of fact as to whether the Email SMS Service had the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers."  *Dominguez*, 2018 U.S. App. LEXIS 17436, at \*9.  While the Third Circuit initially acknowledges that the statute's definition defines an ATDS as equipment that "has the capacity…to **store or produce** telephone numbers….," it appears that it ultimately reads the word "store" out of the statute.  *See id*. at \*2-3 (emphasis supplied).

To provide some context to this interpretation, the Third Circuit previously wrestled with the issue in a prior opinion in the case:

> We acknowledge that it is unclear how a number can be *stored* (as opposed to *produced)* using a "random or sequential number generator. To the extent there is any confusion between the parties on this issue (or whether Yahoo's equipment meets this requirement in Dominguez's case), the District Court may address it on remand.

*Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, n.1 (3d Cir. 2015) (emphasis original).

It appears that the Third Circuit ultimately decides to avoid the issue by simply removing the word "store" from the statutory definition.  This is precisely what Defendant here seeks and is improper for the reasons discussed in Plaintiff's prior briefing.  In sum, the Third Circuit's interpretation of the statutory definition is incorrect and should not be persuasive to this Court.

Dated:  July 2, 2018

Respectfully submitted,

**HIRALDO P.A.**                                    **KOPELOWITZ OSTROW**
                                                    **FERGUSON WEISELBERG GILBERT**
*/s/ Manuel S. Hiraldo*                              Scott A. Edelsberg, Esq.
Manuel S. Hiraldo, Esq.                             Florida Bar No. 100537
401 E. Las Olas Boulevard                           edelsberg@kolawyers.com
Suite 1400                                          Jeff Ostrow, Esq.
Ft. Lauderdale, Florida 33301                       Florida Bar No. 121452
Florida Bar No. 030380                              ostrow@kolawyers.com
mhiraldo@hiraldolaw.com                             1 W. Las Olas Blvd., Suite 500
Telephone: 954.400.4713                             Fort Lauderdale, Florida 33301
                                                    Telephone: 954-525-4100

*Counsel for Plaintiff and the Class*

                                                    *Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 2, 2018, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this

day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713