## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JOAN SECURE, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.                              Civil Action No. 1:18-cv-20483-FAM

ULTIMATE FITNESS GROUP, LLC
d/b/a ORANGETHEORY FITNESS,
a Florida limited liability company,

     Defendant.

_____/


### HART FITNESS, INC.'S OBJECTION
### TO ISSUANCE OF AND MOTION TO QUASH SUBPOENA

     Hart Fitness, Inc., by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, hereby objects to Joan Secure's issuance of a subpoena to Technique Fitness, Inc.  In support of this objection, Hart Fitness states as follows:

     1.     This is a case that originates under the Telephone Consumer Protections Act ("TCPA").  Plaintiff alleges that Defendants sent her two (2) text messages that violate the TCPA.  She seeks to represent a putative class.

     2.     On the afternoon of September 18, 2018, Plaintiff Joan Secure gave notice of her intent to issue a subpoena to Technique Fitness, Inc., a digital platform used by Hart Fitness, Inc. in its business that may store commercial information relating to text message recipients and their personal data (these recipients may be putative class members).  A copy of the proposed subpoena is attaches as **Exhibit A**.

     2.     Secure gave notice that she would issue the subpoena on September 20, 2018.

     3.     Today, counsel for Hart Fitness contacted counsel for Joan Secure.  The parties had previously agreed that they would enter into a stipulation regarding the use of personal and

contact information for text message recipients before such information would be produced by Hart Fitness. Courts have ordered such protection in other TCPA cases. See *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *3 (N.D. Cal. Jan. 29, 2014) "Counsel for [putative class representative] is hereby ordered not to contact any telephone numbers on HRRG's outbound dial list. If a class is certified, [putative class representative] must seek leave of court before using the dial list to contact putative class members. Additionally, if a class is not certified, counsel for [putative class representative] is prohibited from using the outbound call list for any other purpose.").

4. Counsel asked that the parties enter into a written stipulation regarding the handling of similar data that may be obtained from third parties, such as Technique Fitness, Inc. Counsel requested that Joan Secure not serve the subpoena until next week so that the parties could complete the stipulation.

5. Secure agreed to negotiate a stipulation but wishes to serve the subpoena tomorrow and negotiate a stipulation while waiting for Technique Fitness, Inc. to respond. Notably, there are no upcoming discovery deadlines that require a subpoena to issue tomorrow.

6. Federal Rule of Civil Proceudre 45(3)(B) is clear that "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information.".

7. Hart Fitness would lose control of the production of potentially sensitive commercial information, including information regarding potential putative class representatives if the subpoena is permitted to issue to Technique Fitness, Inc. tomorrow.

8.     Hart Fitness simply seeks an order quashing the subpoena or alternatively postponing its service until the parties enter into a written stipulation that should be presented to Secure's counsel tomorrow.

9.     If the parties can agree on an acceptable stipulation, which the undersigned believes the parties can, it will withdraw its objection and motion.

**WHEREFORE**, Hart Fitness seeks an order quashing Joan Secure's subpoena to Technique Fitness, Inc. or alternatively an order commanding Joan Secure to not issue the subpoena pending the negotiation of a written stipulation on the handling of text message recipient data.

Dated:     September 19, 2018              Respectfully submitted,

**FASANO LAW FIRM, PLLC**
1000 Brickell Avenue
Suite 920
Miami, Florida 33131
Tel: 530-5239

By: ___/s/ *Michael C. Fasano*
       MICHAEL C. FASANO
       Florida Bar No. 98498
       mfasano@fasanolawfirm.com

*Counsel for Defendant Hart Fitness, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to the following counsel of record:

HIRALDO, P.A.
Manuel S. Hiraldo
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
Phone: 954-400-4713
Email: mhiraldo@hiraldolaw.com
Attorney for Plaintiff

KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
Scott A. Edelsberg, Esq.
edelsberg@kolawyers.com
Jeff Ostrow, Esq.
ostrow@kolawyers.com
1 W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Facsimile: 954-525-4300
Attorney for Plaintiff

DLA PIPER (US) LLP
Fredrick H.L. McClure
J. Trumon Phillips
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone: 813-229-2111
Fax: 813-229-1447
Email: fredrick.mcclure@dlapiper.com
trumon.phillips@dlapiper.com
sheila.hall@dlapiper.com
Attorneys for Defendant Ultimate Fitness Group, LLC d/b/a
Orangetheory Fitness

/s/Michael C. Fasano
Michael C. Fasano

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:18-cv-20483-FAM**

JOAN SECURE,
individually and on behalf of all
others similarly situated,                              **CLASS ACTION**

      Plaintiff,                                      **JURY TRIAL DEMANDED**

v.

ULTIMATE FITNESS GROUP, LLC
d/b/a ORANGETHEORY FITNESS,
a Florida limited liability company,

      Defendant.
_____/

**NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY**

Plaintiff Joan Secure, pursuant to Federal Rule of Civil Procedure 45(a)(4), hereby gives

notice that she intends to serve the attached subpoena directed to Technique Fitness, Inc. dba Club

OS on September 20, 2018.

1

Date: September 18, 2018

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

Scott A. Edelsberg
**EDELSBERG LAW, P.A.**
Florida Bar No. 100537
19495 Biscayne Blvd. #607
Aventura, FL 33180 Email:
scott@edelsberglaw.com

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: *<u>/s/ Manuel S. Hiraldo</u>*
Manuel S. Hiraldo, Esq.
**HIRALDO P.A.**
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| JOAN SECURE, et. al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-cv-20483-FAM |
| ULTIMATE FITNESS GROUP, LLC d/b/a | ) |
| ORANGETHEORY FITNESS, | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Technique Fitness, Inc. dba Club OS, through its Registered Agent, Registered Agent Solutions, Inc at the
address of : 125 Locust Street, Harrisburg PA 17101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:     All documents identified in the attached Subpoena Rider.

| Place: Via e-mail to: MHiraldo@Hiraldolaw.com | Date and Time:   10/20/2018 at 5:00 p.m. |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   9/20/2018

         *CLERK OF COURT*

                                 OR

| | *Manuel S. Hiraldo* |
|---|---|
| *Signature of Clerk or Deputy Clerk* | **Attorney's signature** |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Joan Secure
, who issues or requests this subpoena, are:

Manuel S. Hiraldo, 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, MHiraldo@HiraldoLaw.com, 954-400-4713

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:18-cv-20483-FAM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                            *Server's signature*

                                 _____
                                            *Printed name and title*

                                 _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SUBPOENA RIDER</u>

*Joan Secure v. Ultimate Fitness Group, LLC, et al.* – Case No 1:18-cv-20483-FAM

**I.     DEFINITIONS**

Plaintiff hereby adopts the following uniform definitions and rules of construction for this subpoena:

1.      All/Each.  The terms "all" and "each" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Communication" or "communications" means any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means, including, but not limited to, personal delivery, speech, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics or ESI (as defined below), sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, mail, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind.  "Communication" or "communications" also includes, but is not limited to, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity, or trade releases.

4.      "Complaint" means the Class Action Complaint in the case styled *Joan Secure v. Ultimate Fitness Group, LLC d/b/a Orangetheory Fitness*, Case No. 1:18-cv-20483-FAM (S.D. Fla.).

5.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6.     "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, Internet message board posting, Blackberry message, iMessage, or any other writing containing a communication from one person to another.

7.     "Defendant" means *Hart Fitness, Inc.*, and any of its present and former divisions, segments, subsidiaries, parents, affiliates, predecessors, successors and assignees; their present and former officers, directors, partners, employees, agents, consultants, accountants, and lawyers; and all other persons who are acting or who have acted on behalf of or who are or have been subject to the direction or control of Defendant.

8.      "Document" is used in the broadest possible sense and means, without limitation, any written electronic, printed, typed, photostated, photographed, recorded, or otherwise reproduced matter of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any notation made on such copies or otherwise) including, without limitation, minutes, agendas, contracts, agreements, reports, summaries, presentations, interoffice and intra-office communications, offers, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, thermofax, confirmations, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, and all graphic, electronic, or manual records or representations of any kind, including, without limitation, photographs, microfiche, microfilm, videotape, motion pictures and electronics, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs, magnetic cards and other such recordings.

9.     "Including" means "including but not limited to."

10.     "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

11.     "Plaintiff" shall mean Joan Secure, the Plaintiff identified in the Complaint.

12.     "Text Message" shall mean a text message of the type described in the Complaint.

13.     "Relate" or "relating to" mean having any connection, association or concern with, or any relevance, relations, pertinence or applicability to, or any implication for or bearing upon the subject matter of the topic and shall be construed to include summarize, constitute, refer, reflect, pertain, contain, study, analyze, consider, involve, explain, evidence, mention, support, contradict, show, discuss, describe or comment upon.

14.     The use of the singular form of any word includes the plural and vice versa.

15.     "You" or "your" means Technique Fitness Inc. dba Club OS  the entity that is the subject of this subpoena, including any of your present and former divisions, segments, subsidiaries, parents, affiliates, predecessors, successors and assignees; your present and former officers, directors, partners, employees, agents, consultants, accountants, and lawyers; and all other persons who are acting or who have acted on behalf of or who are or have been subject to your direction or control.

## II.     RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the relevant time period is from February 7, 2014 through the present.

## III.    DOCUMENTS REQUESTED

1.      Documents and communications pertaining to Text Messages sent or transmitted by or on behalf of Defendant, including, but not limited to their creation, content, and transmission.

2.      Communications and correspondence with Defendant relating to Text Messages sent or transmitted by or on behalf of Defendant.

3.      Broadcast details for Text Messages sent or transmitted by or on behalf of Defendant.

4.      Documents sufficient to identify the telephone numbers to which Text Messages were sent or transmitted by or on behalf of Defendant.

5.      All list(s) identifying the target name and/or telephone number for all Text Messages sent or transmitted by or on behalf of Defendant.

6.      Documents relating to the source(s) from where the telephone numbers were obtained for the Text Messages sent or transmitted by or on behalf of Defendant.

7.      Communications and correspondence with any Person from whom You obtained lists of telephone numbers used in connection with the Text Messages sent or transmitted by or on behalf of Defendant.

8.      Documents sufficient to identify the hardware, software, and method used to store the telephone numbers relating to Text Messages sent or transmitted by or on behalf of Defendant.

9.      Documents sufficient to identify the hardware, software, and method utilized to send or transmit Text Messages by or on behalf of Defendant.

10.     Technical specifications, manuals and training materials relating to any hardware and software utilized to send or transmit Text Messages by or on behalf of Defendant.

11.     Communications and correspondence relating to the Text Messages sent or transmitted by or on behalf of Defendant, including, but not limited to, legal compliance or Your use of any platform to send or transmit the Text Messages.

12.    All contracts between You and any Person relating to Text Messages sent or transmitted by or on behalf of Defendant.

13.    Documents regarding compensation received by You from Defendant relating to Text Messages sent or transmitted by or on behalf of Defendant.

14.    Documents and communications relating to consent obtained in connection with Text Messages sent or transmitted by or on behalf of Defendant.

15.    Documents and communications relating to the precautions taken by You to use vendors that exclude consumers who have expressed a desire not to be contacted when sending or transmitting Text Messages.

16.    Documents regarding all formal and informal complaints received by You regarding Text Messages sent or transmitted by or on behalf of Defendant.

17.    Documents and communications relating to the safeguards in place to ensure that Text Messages are sent only to people that consented to receive them.